UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ROSEMARY LIGHTFOOT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:23-cv-00389-AGF |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

In this action under the Federal Tort Claims Act (FTCA), Plaintiff alleges that she was injured in an automobile collision on February 18, 2021, and that Lenell Anderson allegedly was responsible for her injuries. At the time this incident, Anderson was working as a deputized Task Force Officer of the Federal Bureau of Investigation (FBI), a federal agency eligible for FTCA coverage.

Plaintiff filed her suit in state court on October 5, 2022, and served Anderson with her complaint on March 8, 2023. Thereafter, the United States removed the case to this Court and filed a motion to substitute the United States as the sole proper party defendant. Plaintiff did not file an opposition to this motion, and the Court granted the motion and substituted the United States as the party Defendant, as required under the FTCA.

The matter is now before the Court on the United States' motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), on the ground that Plaintiff failed to administratively exhaust

her complaint. The United States has presented evidence that Plaintiff first presented her claim to the FBI via a Standard Form 95, dated February 13, 2023; that the FBI received that form on February 15, 2023; and that the administrative claim is still pending. Plaintiff has not opposed the United States' motion, and the time to do so has passed.

"A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Johnson v. United States*, 534 F.3d 958, 962 (8th Cir. 2008) (citation omitted). Thus, when ruling on a Rule 12(b)(1) motion, the Court may consider materials outside the pleaded allegations of the complaint. *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). The plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Buckler v. United States*, 919 F.3d 1038, 1044 (8th Cir. 2019).

"The United States, as sovereign, is immune from suit save as it consents to be sued, and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *Najbar v. United States,* 649 F.3d 868, 870 (8th Cir. 2011), *cert. denied*, 566 U.S. 987 (2012) (quoting *United Stated v. Sherwood*, 312 U.S. 584, 586 (1941)). The FTCA provides "a limited waiver of the United States's sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (en banc). "In relevant part, the FTCA's liability and jurisdiction-conferring language provides that federal district courts have 'exclusive jurisdiction' over

claims against the United States for money damages for 'personal injury or death caused by the negligent or wrongful act or omission' of federal employees 'under certain circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.'" *Id.* (quoting 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2674).

However, an FTCA action "shall not be instituted . . . unless the claimant shall first have presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency." 28 U.S.C. § 2675(a). The Supreme Court has recognized that "[t]he most natural reading of [§ 2675(a)] indicated that Congress intended to require *complete* exhaustion of Executive remedies *before* invocation of the judicial process." *McNeil v. United States*, 508 U.S. 106, 112, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (emphasis added). "Conformity with the presentment requirement is necessary for federal courts to have subject matter jurisdiction over a subsequent action." *A.M.L. by & through Losie v. United States*, 61 F.4th 561, 564 (8th Cir. 2023).

The FTCA also affords the federal agency six months to review the claim and issue its response. 28 U.S.C. § 2675(a) ("The failure of an agency to make final disposition of a claim within six months after it is filed shall...be deemed a final denial of the claim for purposes of this section."). Plaintiff filed this action on October 5, 2022, well before she presented her claim to the federal agency. And although she has since presented her claim to the FBI, the FBI's six-month review period has not yet expired. Under these circumstances, dismissal is required. *See McNeil*, 508 U.S. at 112; *Mader*, 654 F.3d at 807.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion to dismiss for lack of subject matter jurisdiction is **GRANTED**.  ECF No. 13.   This case is **DISMISSED without prejudice**.

A separate Order of Dismissal will accompany this Memorandum and Order.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 15th day of May, 2023.